UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KATIVIA FIELDS, | Case No. 16-14189 |
| Plaintiff, | Denise Page Hood |
| v. | Chief United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Stephanie Dawkins Davis United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**PLAINTIFF'S MOTION FOR ATTORNEY FEES (Dkt. 21)**

## I.   PROCEDURAL HISTORY

Plaintiff filed an application for a period of disability and disability insurance benefits on September 25, 2015, and an application for supplemental security income on September 26, 2015, alleging she became disabled on September 20, 2014.  (Tr. 18).  Her claims were initially disapproved by the Commissioner on December 22, 2015.  Plaintiff requested a hearing and on March 18, 2016, plaintiff appeared with counsel before Administrative Law Judge ("ALJ") Ena Weathers, who considered the case de novo.  In a decision dated April 28, 2016, the ALJ found plaintiff was not disabled.  (Tr. 31).  Plaintiff requested a review of this decision, however, the ALJ's decision became final on

1

September 30, 2016, when the Appeals Council denied plaintiff's request for review. (Tr. 1-6).

On November 29, 2016, plaintiff filed the instant suit. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Victoria A. Roberts referred this matter to Magistrate Judge Mona K. Majzoub for the purpose of reviewing the Commissioner's unfavorable decision denying plaintiff's claim for a period of disability, disability insurance benefits, and supplemental security income benefits. (Dkt. 3). The parties entered a stipulation to remand the case pursuant to sentence four of 42 U.S.C. § 405(g). (Dkt. 18). The Court entered the order remanding the case on August 29, 2017. (Dkt. 19).

In September 2017 the case was reassigned to District Judge Denise Page Hood and the undersigned. (Dkt. 20). On November 27, 2017, plaintiff filed the instant motion for attorney fees under the Equal Access to Justice Act ("EAJA"). (Dkt. 21), which was subsequently referred to the undersigned. (Dkt. 22).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for attorney fees be **GRANTED**, and that attorney fees in the amount of $1,596.00 be awarded to plaintiff.

## III. DISCUSSION

### A. Background

Plaintiff filed two separate applications for disability benefits, each covering different periods of time. The ALJ on the first application issued an unfavorable decision in September 2014. (Dkt. 23, at p. 1). Plaintiff appealed and filed suit in this court in *Fields v. Comm'r of Soc. Sec.*, Case No. 15-13895 (*Fields I*) challenging the decision. In March 2017, the Court remanded the case back to the Commissioner under sentence four of 42 U.S.C. § 405(g) in *Fields I*. Plaintiff's second application for benefits covered the period between September 20, 2014 and April 28, 2016. (Dkt. 23, at p. 2). The ALJ in that case also issued an unfavorable decision, and plaintiff ultimately filed suit in this Court on November 29, 2016 challenging the decision (*Fields II*). The parties stipulated to remand the case back to the ALJ under sentence four of 42 U.S.C. § 405(g) for consolidation with the *Fields I* remanded case. (Dkt. 18, 19).

### B. Analysis

The EAJA provides that

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to [28 U.S.C. § 2412(a)], incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action,

3

> unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Therefore, to be entitled to EAJA fees, a court must find that (1) the party seeking fees was a prevailing party in a civil action; (2) the party timely filed an application for fees; (3) the position of the Agency was not substantially justified or there were no special circumstances making an award unjust; and (4) the fees requested are reasonable. 28 U.S.C. § 2412(d)(1)(A) and (B); *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983).

The Commissioner does not dispute that plaintiff is a prevailing party and timely filed an application for fees. *Shalala v. Schaefer,* 509 U.S. 292, 300–01 (1993) (Plaintiff is a prevailing party by virtue of remand made pursuant to sentence four of 42 U.S.C. § 405(g)); *Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012) ("A sentence-four remand makes the plaintiff a "prevailing party" under the EAJA."). The Commissioner also does not dispute the requested number of hours and hourly rate and does not contend that special circumstances exist. The issue in this case is whether the Commissioner's position was substantially justified.

If the position of the United States was "substantially justified," a court must deny an application for attorney fees under the EAJA. 28 U.S.C. § 2412(d)(1)(A). The Commissioner bears the burden of proving that his position was "substantially

4

justified" in law and fact at *both* the administrative and court stages of adjudication. *Pierce v. Underwood,* 487 U.S. 552, 565 (1988). The Supreme Court defines "substantially justified" as "justified in substance or in the main . . . to a degree that could satisfy a reasonable person." *Pierce,* 487 U.S. at 565. The Sixth Circuit has explained that "[t]he Supreme Court has equated this standard with a reasonable basis both in law and fact, and the position of the government will be deemed to be substantially justified if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Noble v. Barnhart,* 230 Fed. Appx. 517, 519 (6th Cir. 2007). Further, "[w]hen evaluating the Commissioner's position, [courts] consider the ALJ's decision as part of the Commissioner's prelitigation conduct." *Id.* at 519.

The undersigned agrees that the Commissioner's litigation position— agreeing with plaintiff to remand the case for consolidation with *Fields I*—is substantially justified, as the ALJ on remand would be considering a period including the period adjudicated in *Fields II* and remand would avoid a possible inconsistent outcome regarding the *Fields II* period. Plaintiff appears to take issue with the delay in getting to a stipulation to remand. According to plaintiff, her counsel approached the Office of General Counsel on learning of the remand order in *Fields I.* (Dkt. 21, at p. 5). However, at that time an attorney had not yet been assigned to the case and supervisors indicated that they were unwilling to stipulate

5

to a remand. After counsel for the Commissioner was established, counsel agreed to remand the case. Because counsel had not yet been assigned, declining to remand when plaintiff first requested does not appear unreasonable. Rather, it appears that once counsel for the Commissioner was assigned and counsel reviewed the case, the parties entered into the stipulation to remand. The fact that there was a delay from plaintiff's first request to remand does not alter the undersigned's conclusion that the decision to remand for consolidation was substantially justified.

The inquiry does not end there, however. Under EAJA, the Commissioner must also demonstrate that the administrative position—finding plaintiff not disabled—was substantially justified in order to avoid an EAJA fee award. *See Pierce*, *supra*. Plaintiff alleges that the government's position was not substantially justified. (Dkt. 21, at p. 4). She argues that she is entitled to fees in *Fields II* because had the prior case been adjudicated without error, she would not have had to proceed with a second application and second appeal against the Commissioner. (*Id.* at p. 4-5). She posits that because the Commissioner agreed to remand the case for consolidation, the Commissioner recognized that the ALJ's decision was not substantially justified. (*Id.* at p. 5). The Commissioner argues that the administrative decision was substantially justified because at the time the ALJ rendered the decision in *Fields II*, *Fields I* had not yet been declared invalid;

6

thus, it was appropriate for the ALJ in *Fields II* to go forward adjudicating the claims. (Dkt. 23, at p. 7). While acknowledging that in a typical voluntary remand case—where the Commissioner concedes error—the Commissioner must establish that the administrative position was substantially justified, here the Commissioner contends that this is not a "run-of-the-mill" voluntary remand case; the parties jointly agreed to remand *Fields II* so that it could be consolidated with the prior case before the ALJ. (Dkt. 23, at p. 5-6). The Commissioner did not seek remand because of an error in the Agency's prior action and "nothing indicates that the ALJ's decision in *Fields II* was inconsistent 'with clearly established law at the time the case was before [the ALJ].'" (*Id.* at p. 7) (citing *Li v. Keisler*, 505 F.3d 913, 920 (9th Cir. 2007)).

The Commissioner's argument appears to be that because the remand was to consolidate the case and not conceding error, the Commissioner does not need to establish substantial justification of the administrative position or that the Court can assume under these circumstances that the position below was substantially justified. The Commissioner did not cite any authority directly supporting this proposition and neither plaintiff nor the Commissioner provide argument specifically on the substantial justification of the ALJ's decision.

The terms of EAJA itself and case law discussing EAJA in voluntary remand situations sheds light on the Commissioner's burden in this instance. The

7

terms of EAJA are relatively straightforward: the Court must award attorney fees to the prevailing party in a civil suit against the United States (on timely application) unless the government's position was substantially justified or special circumstances exist. Without a showing of substantial justification or special circumstances, EAJA directs an award of attorney fees. The statute further states that,

> Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B). Thus, EAJA requires consideration not just of the government's position in the judicial proceedings, but also of the agency's action based on the record with respect to the agency's action, i.e. the administrative transcript. However, as stated, the Commissioner does not demonstrate why the agency action was substantially justified based on the record. Accordingly, under EAJA, the Commissioner has not met its burden and the motion should be granted.

For example, in *Lewis v. Comm'r of Soc. Sec.*, 2014 WL 4794415 (S.D. Ohio Sept. 25, 2014), the court agreed that even on voluntary remand the Commissioner must establish that the agency action was substantially justified based on the record to avoid EAJA fees. In *Lewis*, the Appeals Council determined that the plaintiff's effort to appeal the merits of the ALJ's decision was

8

untimely. *Id.* at *1. The plaintiff appealed to the District Court. The Commissioner voluntarily remanded without filing an answer because the plaintiff had timely submitted his appeal to the Appeals Council. The question before the court was whether, if the Commissioner remands the case without conceding error, the Commissioner "could escape liability for an EAJA fee award." *Id.* at *2. In discussing *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837 (6th Cir. 2006), the *Lewis* court noted that *Marshall* did not rule out the possibility of an EAJA fee award just because the case had been remanded by stipulation without the filing of an answer. Indeed, *Marshall* cited subsection (d)(1)(B), quoted above, which states that the "substantially justified" determination must be made on the basis of the record including the record with respect to the agency action challenged in the civil action. *Id.* at *3. The court in *Lewis* ultimately concluded that case law suggests just that, despite remanding without conceding error, "[t]he government . . . must justify both positions [*i.e.* the administrative position and the litigation position] to avoid liability for EAJA fees." *Id.* (quoting *Torres v. Barnhart*, 2007 WL 1810238, *9, 120 Soc.Sec.Rep.Serv. 536 (S.D.N.Y. June 25, 2007)).

Here, as in *Lewis*, the Commissioner has offered no argument based on the record of the agency action that the agency action was substantially justified.[1] *See*

---

[1] Unlike in *Lewis*, the Commissioner here did file an answer and the administrative transcript before agreeing to remand. This difference between the case at hand and *Lewis* does

9

*id.* ("[T]he lack of justification for that decision is enough to support an award of fees under the EAJA."). For this reason, the Commissioner has not met her burden and EAJA fees should be awarded to plaintiff.

The undersigned knows of no case that suggests that the Commissioner is relieved of the burden of demonstrating substantial justification of agency action in the circumstances of this case. Indeed, case law requires that the agency action be substantially justified based on what is in the administrative transcript to avoid EAJA fees. Voluntary remand does not absolve the Commissioner of the burden of demonstrating substantial justification for her position at the administrative level in order to avoid an EAJA fee award, as demonstrated in *Lewis*, *supra*. *See also Li v. Keisler,* 505 F.3d 913, 919–20 (9th Cir. 2007) ("Allowing the government to avoid EAJA fees any time the government voluntarily seeks a remand to address a misapplication of then-prevailing law would neutralize the clear congressional intent that EAJA deter agencies from making those types of errors in the first place."); *Foster v. Boorstin,* 561 F.2d 340, 343 (D.C. Cir. 1977) ("If the government could avoid liability for fees merely by conceding the cases before final judgment, the impact of the fee provision would be greatly reduced. The government would remain free to assert boilerplate defenses, and private parties

---

not upset the most important similarity: that the Commissioner in both cases agreed to remand without conceding agency error.

who served the public interest by enforcing the Act's mandates would be deprived of compensation for the undertaking.").

The Commissioner relies on the Ninth Circuit case *Li*, 505 F.3d 913, for the proposition that where the government agrees to remand because of intervening case law or facts, the position below may have been substantially justified and the claimant would not be entitled to fees. (Dkt. 23, at p. 6-7). *Li* involved a consolidated appeal following the remand of three immigration claims to the Board of Immigration Appeals; the plaintiffs there applied for attorney fees under EAJA. In addressing the government's requirement of showing substantial justification to avoid EAJA fees, the court acknowledged that where the case is remanded prior to discussion of the merits, showing substantial justification raises difficult issues. The court stated,

> In effect, this situation requires the government to justify an Agency position which it has subsequently determined may be problematic, even if the government does not necessarily concede a prejudicial legal error. Moreover, the parties in these situations address the question of substantial justification solely in the papers for the fees, without full briefing on the merits of the underlying case. This scenario makes it difficult for the parties to argue, and for us to evaluate, whether the government's conduct was substantially justified throughout the Agency proceedings as well as during the litigation before us. *See* 28 U.S.C. § 2412(d)(2)(D).

*Id.* at 918. The court also addressed countervailing policy considerations of allowing the government the flexibility to voluntarily remand to correct prior

11

action subsequently called into question because of emerging case law, changed circumstances, or other novel considerations, and EAJA's stated objective of "eliminat[ing] financial disincentives for those who would defend against unjustified government action and thereby to deter the unreasonable exercise of Government authority." *Id.* at 919 (quoting *Ardestani v. INS,* 502 U.S. 129, 138 (1991)). "For the type of situation presented" in *Li*, the court concluded that EAJA standards would best be served by considering the likely reason behind the voluntary remand. If the government seeks remand because the prior action was not consistent with clearly established law at the time of the action, "then the government's position would not be substantially justified." *Id.* However, if the government seeks remand

> due to intervening case law, because of unclear controlling case law, or where the Agency should have an opportunity to adjudicate a new claim for relief in the first instance, . . . the government's position may have been substantially justified at the time the Agency acted, even though subsequent, novel considerations have since undercut the underlying Agency decision.

*Id.* The court found the agency action substantially justified as to one plaintiff because the application of a particular case that might have been dispositive was unclear, and "[i]n the absence of guidance from this court, the government's position was substantially justified." The action was not substantially justified as

12

to the other two plaintiffs because the agency did not follow clearly established law.

In this case, the Commissioner did not seek remand because of misapplication of clearly established law, nor did she seek remand because of new law or unclear law. As to *Li*'s "adjudicate a new claim for relief" language, the court did not explain the phrase and it does not appear that any Sixth Circuit case uses or explains this or a similar phrase. There is no new claim for relief and this is not a case where subsequent, novel considerations have undercut Agency action. The administration has already adjudicated the periods covered in both *Fields I*, September 12, 2012 (the alleged onset date) through September 19, 2014 and *Fields II*, September 20, 2014 (the alleged onset date) through April 28, 2016. On remand, the ALJ will review a period starting September 12, 2012 through the date of the new decision. When the ALJ reviews the case on the remand the ALJ will necessarily review *again* the period adjudicated in *Fields II*. Therefore, the factual circumstances of this case do not appear to comport with the language in *Li* because this is not a new claim to relief. The court in *Li* said "the government's position *may* have been substantially justified at the time the Agency acted." 505 F.3d at 918 (emphasis added). Just because the position *may* have been justified does mean that the government's position *was* justified. It is the Commissioner's burden to demonstrate substantial justification.

13

In sum, while the Commissioner's agreement to remand to avoid possible inconsistent determinations on the *Fields II* period is appropriate, the EAJA statute and case law interpreting the statute suggests that the Commissioner is not relieved of her burden of establishing substantial justification in this case. EAJA allows the prevailing party to recover fees unless the government's position was substantially justified. Plaintiff met her burden showing that her application for fees was timely, that she is a prevailing party, and in alleging that the government's position was not substantially justified.[2] On the other hand, the Commissioner did not come forward with any showing that the ALJ's decision denying an award of benefits was substantially justified.[3] The failure to demonstrate substantial justification "is enough to support an award of fees." *Lewis*, 2014 WL 4794415, at *3 (citing *Hardy v. Callahan,* 1997 WL 470355, *6 (E.D. Tex. Aug.11, 1997)).

Again citing a Ninth Circuit case, the Commissioner argues that the only issues on which the Commissioner need show substantial justification are those that are included in the Court's remand order. (Dkt. 23, at p. 8-9) (citing *Hardisty*

---

[2] 28 U.S.C. § 2412(d)(1)(B) requires the fee applicant to allege that the government's position was not substantially justified, but EAJA otherwise puts the burden on the Commissioner to *demonstrate* substantial justification.

[3] The undersigned notes that on remand in *Fields I*, the ALJ awarded benefits for the entire period under review, including the period covered in *Fields II*. (*See* Case No. 15-13895, Dkt. 29, Exhibit A – Notice of Award). While an award on remand itself does not establish that the administrative position was unjustified, it certainly lends credence to the position that the administrative action was not substantially justified.

*v. Astrue*, 592 F.3d 1072, 1077 (9th Cir. 2010)). Because the *Fields II* remand order found no fault with the ALJ's decision, the Commissioner contends that it is too late for plaintiff to attack the ALJ's decision in *Fields II*. (*Id.*). However, it does not appear that courts in the Sixth Circuit follow this rule. As one court stated, "the language of the EAJA itself makes clear that the Court may not focus solely upon the specific issues which led to remand, but must also consider the justification of the 'the action or failure to act by the agency upon which the civil action is based.'" *Pope v. Comm'r of Soc. Sec.*, 2017 WL 2374827, at *4 (E.D. Mich. Mar. 3, 2017), *report and recommendation adopted*, 2017 WL 2341737 (E.D. Mich. May 31, 2017) (quoting 28 U.S.C. § 2412(d)(2)(D)). Further, of the three courts in the Sixth Circuit citing *Hardisty*, none cite it for the proposition that EAJA fees are not recoverable for issues not considered by the Court. Rather, they cite *Hardisty* to show that an adverse credibility finding resting in part on the claimant's criminal history can be substantially justified, an issue not present in this case. *See Dozier v. Astrue*, 2012 WL 2344163, at *8 (N.D. Ohio Mar. 15, 2012); *Harris v. Comm'r of Soc. Sec.*, 2010 WL 703070, at *4 (N.D. Ohio Feb. 23, 2010); *Capps v. Astrue*, 2011 WL 721514, at *8 (E.D. Tenn. Jan. 31, 2011). As such, the Commissioner's contention that there can be no argument against substantial justification in this case lacks merit.

The Commissioner makes perfunctory reference to plaintiff having provided no authority "for her suggestion that the EAJA permits the type of double compensation she seeks in this case." (Dkt. 23, at p. 8). However, the Commissioner provided no authority for the suggestion that a plaintiff receiving an EAJA award on a case remanded by the District Court cannot also receive an award of fees on a subsequent, different case remanded for a different reason. Further, plaintiff is not seeking "double" compensation—a phrase that suggests being paid twice for the same work; she is only seeking attorney fees earned in this case up to the point of the Commissioner's agreement to remand. She is not asking to recover for time spent on *Fields I* again.

## IV.  RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for attorney fees be **GRANTED**, and that attorney fees in the amount of $1,596.00 be awarded to plaintiff.

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 4, 2019            s/Stephanie Dawkins Davis
                                 Stephanie Dawkins Davis
                                 United States Magistrate Judge

**CERTIFICATE OF SERVICE**

  I certify that on <u>January 4, 2019</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

<u>s/Tammy Hallwood</u>
Case Manager
(810) 341-7850
tammy_hallwood@mied.uscourts.gov
