UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATIVIA FIELDS,

        Plaintiff,

v.                                            Case No. 16-14189
                                              Honorable Denise Page Hood

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION AND AWARDING EAJA FEES

This matter is before the Court on Magistrate Judge Stephanie Dawkins Davis's Report and Recommendation, wherein she recommended that Plaitniff be awarded $1,596.00 in attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). **[Doc. No. 26, filed January 4, 2019]** The Government filed a timely objection to the Report and Recommendation. The Government challenges the Magistrate Judge's conclusion that Plaintiff was entitled to attorney fees because the Government's position was not substantially justified. Plaintiff did not file a response to the Government's objection.

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. As the Magistrate Judge stated, a court must deny an application for attorney fees under

the EAJA if the Government's position is "substantially justified." 28 U.S.C. § 2412(d)(1)(A). The Government bears the burden of proving that its position was "substantially justified" in law and fact at both the administrative and court stages of adjudication. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Gushen*, 2017 WL 3484493, at *3. The Court: (1) concludes that the Government did not meet its burden to show that its position was substantially justified; and (2) is not persuaded by the Government's objection to the Report and Recommendation.

First, as the Magistrate Judge stated, the Government has supplied no authority to support its argument that, because it did not concede error, the Government did not need to establish substantial justification for its position because the Court entered a stipulated order to remand this matter to the ALJ. Second, the Government has not cited any binding authority that it did not have an obligation to demonstrate that its position was substantially justified at the administrative and litigation levels of the case because the Court did not expressly state that there was no substantial justification for the Government's position.

Third, many of the cases the Government cites in its objection are not applicable to this case. Several of those cases turned on procedural remands (*see, e.g., DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723 (6th Cir. 2014); *Gushen v Comm'r of Soc. Sec. Admin.*, 2017 WL 3484493 (E.D. Mich. Aug. 15, 2017); *Flores v. Shalala*, 49 F.3d 562 (9th Cir. 1995), *as amended on denial of*

*rehearing*), but there is nothing in the parties' stipulation to remand or in the Court's order remanding the matter to the ALJ to indicate the remand was for procedural reasons. And, in a number of the other cases cited by the Government, the applicable court found substantial justification for the Government's positions (*see, e.g. Shepard v. Colvin*, No. 12-14386, 2015 WL 6541691, at *2 (E.D. Mich. Oct. 29, 2015); *Fowler v. Comm'r of Soc. Sec. Admin.*, No. 12-15286, 2017 WL 526071, at *1 (E.D. Mich. Feb. 9, 2017)), or that the Government may have had substantial justification. *See, e.g., Li v. Keisler*, 505 F.3d 913, 918 (9th Cir. 2007) ("the government's position *may* have been substantially justified at the time the Agency acted").

Fourth, as Plaintiff and the Magistrate Judge recognized, had *Fields I* been adjudicated without error, Plaintiff would not have had to: (a) proceed with a second application for disability benefits; (b) appeal its denial to the Commissioner; and (c) file the instant action in this Court. The absence of a substantial justification in *Fields I* (which the Government conceded when not opposing Plaintiff's request for EAJA fees in that case), in effect, carries over to the instant case.

Fifth, the Court rejects the Government's argument that, because the Court did not concede error when stipulating to remand the case, the Court implicitly concluded that the Government's position was substantially justified. The Court

made no such finding because the Court was asked only to enter an order regarding the parties' stipulation to remand the case to the ALJ for consolidation and consideration with *Fields I*. This Court agrees with the Ninth Circuit that "[a]llowing the government to avoid EAJA fees any time the government voluntarily seeks a remand to address a misapplication of then-prevailing law would neutralize the clear congressional intent that EAJA deter agencies from making those types of errors in the first place." *Li*, 505 F.3d at 919-20. *See also Foster v. Boorstin*, 561 F.3d 340, 343 (D.C. Cir. 1977).

Finally, the Court is not persuaded by the Government's reliance on *Hardisty v. Astrue*, 592 F.3d 1072 (9th Cir. 2010), which is not binding on this Court, nor the Government's contention that the Magistrate Judge's critiques of *Hardisty* in relation to this case were deficient. As this Court has stated previously, "the language of the EAJA itself makes clear that the Court may not focus solely upon the specific issues which led to remand, but must also consider the justification of 'the action or failure to act by the agency upon which the civil action is based.'" *Pope v. Comm'r of Soc. Sec. Admin.*, 2017 WL 2374827, at *4 (E.D. Mich. May 31, 2017) (quoting 28 U.S.C. § 2412(d)(2)(D)).

For the reasons set forth above,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Stephanie Dawkins Davis **[Doc. No. 26, filed January 4, 2019]** is **ACCEPTED**

4

and **ADOPTED**.

**IT IS FURTHER ORDERED** that the Government's Objection **[Doc. No. 26, filed January 18, 2019]** is **DENIED**.

**IT IS FURTHER ORDERED** that an EAJA fee in the amount of $1,596.00 shall be paid directly to Plaintiff's attorney, Eva I. Guerra.

IT IS ORDERED.

s/Denise Page Hood
DENISE PAGE HOOD
CHIEF JUDGE, U.S. DISTRICT COURT

DATED: February 15, 2019